IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**CRAIG ALAN PIERI,**

      **Petitioner,**

v.                                                  **No. CV 12-165 MCA/LAM**

**JAMES LOPEZ, et al.,**

      **Respondents.**

# **PROPOSED FINDINGS AND RECOMMENDED DISPOSITION[1]**

**THIS MATTER** is before the Court on Petitioner Craig Alan Pieri's 28 U.S.C. § 2254 petition [*Doc. 1*], filed February 22, 2012. Mr. Pieri is incarcerated and proceeding *pro se*. [*Doc. 4*]. Respondents filed their answer to the petition on April 30, 2012. [*Doc. 10*]. Chief United States District Judge M. Christina Armijo referred the claims raised in the petition to the undersigned for proposed findings and a recommended disposition, and a hearing, if necessary. [*Doc. 3*]. Having considered the parties' submissions, relevant law, and the record in this case, the undersigned recommends, for the reasons set forth below, that Mr. Pieri's *Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (Doc. 1)* be **DISMISSED without prejudice**.

Because the issues in this case can be resolved on the record before the Court, the Court **FINDS** that an evidentiary hearing is unnecessary. *See Anderson v. Attorney General of Kansas*,

---

[1] Within fourteen (14) days after a party is served with a copy of these Proposed Findings and Recommended Disposition, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such proposed findings and recommended disposition. A party must file any objections with the Clerk of the United States District Court for the District of New Mexico within the fourteen (14) day period allowed if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed. Pursuant to Fed. R. Civ. P. 72(b)(2), a party may respond to another party's objections within fourteen (14) days after being served with a copy of the objections.

425 F.3d 853, 858-59 (10th Cir. 2005) (evidentiary hearing unnecessary if § 2254 habeas claim can be resolved on the record).

In his Petition, Mr. Pieri raises twelve claims: (1) ineffective assistance of counsel at his first and second trials; (2) and (6) denial of right to confront child witness; (3), (4) and (9) improper admission of evidence; (5) the state lacked jurisdiction over Mr. Pieri; (7) failure by prosecution to disclose favorable evidence; (8) improper denial of motions for a bill of particulars and directed verdict; (10) ineffective assistance of counsel on appeal; (11) failure by trial court to rule on all of Mr. Pieri's pretrial motions prior to commencement of trial; and (12) failure to provide Mr. Pieri with a new trial or evidentiary hearing based on his claim of actual innocence.  [*Doc. 1* at 12-39].  Mr. Pieri asks the Court to reverse and remand his case for a new trial and for an evidentiary hearing.  *Id.* at 45.

## *I. Procedural Background*

On December 12, 2008, Mr. Pieri was found guilty of Kidnapping (In the First Degree), a first-degree felony, in violation of N.M.S.A. 1978 §§ 30-4-1; nine counts of Criminal Sexual Penetration in the First Degree (Child Under 13), first-degree felonies, in violation of N.M.S.A. 1978 § 30-9-11(C)(1); seven counts of Criminal Sexual Contact of a Minor in the Third Degree (Child Under 13), third-degree felonies, in violation of N.M.S.A. 1978 § 30-9-13(C); Sexual Exploitation of a Child Under 16 by Prostitution (Profiting), a second-degree felony, in violation of N.M.S.A. 1978 § 30-6A-4(A); ; and Contributing to the Delinquency of a Minor, a fourth-degree felony, in violation of N.M.S.A. 1978 § 30-6-3.  [*Doc. 10-1*, Exhibit A at 1-4] (Judgment, Order and Commitment to the Corrections Department entered in the state district court).[2]  On March 11, 2009,

---

[2] A first trial resulted in a hung jury.  *See* [*Doc. 1* at 12] and [*Doc. 10* at 3].

Mr. Pieri was sentenced to a total term of imprisonment of ninety (90) years. [*Doc. 10-1*, Exhibit A at 9]. Upon completion of imprisonment, Mr. Pieri will be placed on parole for a period of not less than five years and not in excess of twenty years. *Id.* Mr. Pieri received pre-sentence confinement credit for a total of three years and fourteen days and post-sentence confinement credit for time served prior to his transfer to the New Mexico Corrections Department. *Id.*

On April 20, 2009, Mr. Pieri appealed his conviction to the New Mexico Court of Appeals (*Doc. 10-1*, Exhibits B (Notice of Appeal) and C (Docketing Statement)), and, on January 28, 2011, the New Mexico Court of Appeals issued a Memorandum Opinion affirming Mr. Pieri's conviction (*Doc. 10-2*, Exhibit G). Mr. Pieri filed a petition for writ of certiorari with the New Mexico Supreme Court regarding the New Mexico Court of Appeals' opinion (*Doc. 10-3*, Exhibit H), which was denied on March 14, 2011 (*Doc. 10-3*, Exhibit I). On September 30, 2011, Mr. Pieri filed a *pro se* petition for a writ of habeas corpus with the state district court (*Doc. 10-3*, Exhibit K), which was summarily dismissed on October 5, 2011 (*Doc. 10-3*, Exhibit L). On February 22, 2011, Mr. Pieri filed his petition for federal habeas relief in this Court, initiating this proceeding. [*Doc. 1*]. On July 26, 2012, the New Mexico Supreme Court received a petition for writ of certiorari regarding the denial of Mr. Pieri's state habeas petition, which the New Mexico Supreme Court declined to accept because it was untimely. *See* [*Doc. 15* at 3] (letter from the New Mexico Supreme Court to Mr. Pieri dated July 31, 2012, explaining that his petition was untimely).[3]

---

[3]On July 26, 2012, Mr. Pieri also filed a copy of a petition for writ of certiorari for his state habeas petition in the case before this Court (*Doc. 13*), and sent a copy to Respondents (*see Doc. 14* at 2). In addition, Mr. Pieri states in *Document 9* that he mailed a copy of a petition for writ of certiorari for his state habeas petition to the New Mexico Attorney General, and attaches a copy of an inmate purchase order regarding that mailing, dated November 1, 2011. [*Doc. 9* at 3].

## *II. Mr. Pieri's Section 2254 Claims*

Mr. Pieri raises the following grounds for relief:

I. Ineffective assistance of counsel at his first and second trials because:

   A. At the first trial, his counsel failed to investigate or develop the child's testimony, and failed to communicate with Mr. Pieri or interview witnesses [*Doc. 1* at 12];

   B. At the second trial, his new counsel failed to further develop the child's testimony (*Id.* at 12-13);

   C. At the second trial, his second counsel failed to allow Mr. Pieri to present evidence to refute the timeline presented by the prosecution and failed to interview witnesses submitted by Mr. Pieri (*Id.* at 13);

II. Denial of the right to confront the child by not being allowed to remain in the courtroom during her videotaped deposition, being denied a subsequent videotaped interview of her and the right to cross-examine her, and not disclosing his presence to the child during her videotaped deposition (*Id.* at 15-16);

III. Denial of due process by admission of sexually-explicit drawings without a proper foundation (*Id.* at 17-18);

IV. Improper admission of unrecorded and "un-Mirandized" post-polygraph statements made by Mr. Pieri (*Id.* at 20-21);

V. Lack of jurisdiction over Mr. Pieri because the state failed to prove he was in New Mexico during the relevant time period (*Id.* at 23);

VI. Error by the trial court to deny Mr. Pieri's second trial counsel an opportunity to interview the child, to not allow Mr. Pieri to be present in the courtroom during the taping of

        her videotaped deposition, and to not allow an adequate opportunity to cross-examine the child (*Id.* at 25-26);[4]

VII.    Failure by prosecution to disclose evidence favorable to Mr. Pieri (*Id.* at 27-28);

VIII.    Improper denial of Mr. Pieri's motions for a bill of particulars and directed verdict (*Id.* at 30-31);

IX.    Improper admission of psychologist's testimony regarding the child's credibility (*Id.* at 33-34);

X.    Ineffective assistance of appellate counsel for failure to communicate with Mr. Pieri (*Id.* at 35-36);

XI.    Denial of due process by trial court by failing to address or rule on all of Mr. Pieri's pretrial motions prior to the commencement of trial (*Id.* at 37-38);

XII.    Improper denial of new trial or evidentiary hearing after Mr. Pieri claimed actual innocence (*Id.* at 39-40).

In their response, Respondents contend that Mr. Pieri has filed a mixed petition containing both exhausted and unexhausted claims. [*Doc. 10* at 2]. Respondents contend that the following claims have not been exhausted at the state level: I(A through C); III; IV; V; part of VI; VII; IX; X; XI; XII; and possibly VIII. [*Id.* at 13-21]. Respondents contend that Claims V, IX, X, XI, XII, and portions of Claim VII have also been procedurally defaulted. *Id.* at 15-20. Respondents state that the Court can either (1) dismiss the mixed Petition in its entirety; (2) stay the Petition and hold it in abeyance while Mr. Pieri returns to state court to raise the unexhausted claims; (3) permit Mr. Pieri to dismiss the unexhausted claims and proceed with the exhausted claims; or (4) ignore the

---

[4]Respondents state that Claim VI differs from Claim II because, in addition to Mr. Piere's claims that he was improperly denied a subsequent videotaped interview of the child and that his rights were denied because he was not allowed in the courtroom during her videotaped deposition, Claim VI includes claims that (1) if the child had been made aware of his presence in the building during her deposition, she would have been compelled to tell the truth; and (2) that his second trial counsel, who had discovered new evidence from the child's file, was unable to question the child. [*Doc. 10* at 16]. The Court finds, however, that these alleged new claims were raised in Claim II, and, therefore, these claims are virtually identical. *Compare* [*Doc. 1* at 16] *with* [*Doc. 1* at 25].

exhaustion requirement and deny the petition if none of the claims have any merit. *Id.* at 21, *citing Fairchild v. Workman*, 579 F.3d 1134, 1156 (10th Cir. 2009). Respondents ask the Court to proceed under either option (3) or (4), and Respondents argue that all of Mr. Pieri's claims are without merit. [*Doc. 10* at 21-28].

"Pro se pleadings are to be construed liberally." *Sines v. Wilner*, 609 F.3d 1070, 1074 (10th Cir. 2010) (citation omitted). Despite liberal construction of a *pro se* litigant's pleadings, however, courts cannot "assume the role of advocate" for him. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (citations omitted); *see also Northington v. Jackson*, 973 F.2d 1518, 1520–21 (10th Cir. 1992) (citation omitted). Courts "are not required to fashion [a *pro se* party's] arguments for him where his allegations are merely conclusory . . . and without supporting fact[s]." *United States v. Fisher*, 38 F.3d 1144, 1147 (10th Cir. 1994) (citation omitted). "[C]onclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based." *Hall*, 935 F.2d at 1110 (citations omitted). Because Mr. Pieri is a *pro se* litigant, the Court construes his allegations in his petition liberally.

### III. Exhaustion of State Court Remedies

A state prisoner must generally exhaust available state court remedies before a federal court can consider the prisoner's habeas petition under 28 U.S.C. § 2254. *See* 28 U.S.C. § 2254(b)(1)(A); *Hawkins v. Mullin*, 291 F.3d 658, 668 (10th Cir. 2002). "The [exhaustion] doctrine reflects the policies of comity and federalism between the state and federal governments, a recognition that it would be unseemly in our dual system of government for a federal district court to upset a state court conviction without an opportunity to the state courts to correct a constitutional violation." *Demarest v. Price*, 130 F.3d 922, 932 (10th Cir. 1997) (citation and internal quotation marks omitted). The exhaustion requirement is considered satisfied "if the federal issue has been properly presented to

the highest state court, either by direct review of the conviction or in a postconviction attack." *Dever v. Kan. State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994) (citation omitted). In addition, the petitioner must "fairly present" his or her claims to the state courts before a federal court will examine them, which means that the "substance of the claim" must have been raised before the state court either on appeal or in post-conviction proceedings. *Demarest*, 130 F.3d at 932 (citation and internal quotation marks omitted). A petitioner may present "bits of evidence" to a federal court that were not presented to the state court; however, "evidence that places the claims in a significantly different legal posture must first be presented to the state courts." *Id.* (citation and internal quotation marks omitted); *see also Ferguson v. McKune*, No 99-3214, 229 F.3d 1163, 2000 WL 1133134 at *2 (10th Cir. Aug. 10, 2000) (unpublished) (explaining that a claim is not exhausted if it is "in a significantly different and stronger posture" than when it was presented to the state courts) (citation and internal quotation marks omitted).

In cases where a petitioner raises both exhausted and unexhausted claims, the petition is considered mixed. *Pliler v. Ford*, 542 U.S. 225, 230 (2004). When a federal district court is presented with a mixed petition, it "may either (1) dismiss the entire petition without prejudice in order to permit exhaustion of state remedies, or (2) deny the entire petition on the merits." *Moore v. Schoeman*, 288 F.3d 1231, 1235 (10th Cir. 2002). In limited circumstances, a federal court may stay a mixed petition and hold it in abeyance pending exhaustion of state court remedies. *Rhines v. Weber*, 544 U.S. 269, 276-77 (2005). However, stay and abeyance is appropriate only if the petitioner demonstrates good cause for the failure to exhaust, the unexhausted claims are potentially meritorious and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics. *Id.* at 277-78.

The Court finds that Mr. Pieri has exhausted the following claims: (1) the portion of Claim II regarding denial of a subsequent interview of the child victim; (2) Claim III (admission of sexually-explicit drawings); (3) Claim IV (admission of post-polygraph statements); (4) the portion of Claim VI regarding denial of a subsequent interview of the child victim; and (5) the portion of Claim VIII regarding denial of Mr. Pieri's motion for a bill of particulars. These claims were fairly presented to the state courts on Mr. Pieri's direct appeal. *See* [*Doc. 10-1*, Exhibit E at 44-71] (Mr. Pieri's brief on direct appeal) and [*Doc. 10-3*, Exhibit H at 3-10] (petition for writ of certiorari regarding direct appeal). While Mr. Pieri raised the issue of whether the trial court improperly denied his motion for a directed verdict in his direct appeal, the issue was not raised in his petition for writ of certiorari.[5] *Compare* [*Doc. 10-1*, Exhibit E at 67-72] (Mr. Pieri's brief on direct appeal) *with* [*Doc. 10-3*, Exhibit H] (petition for writ of certiorari regarding direct appeal). Because that issue was not presented to the highest state court, it was not exhausted.

Respondents contend that Claims III (regarding admission of sexually-explicit drawings) and IV (regarding the admission of post-polygraph statements) were not exhausted because Mr. Pieri raised these issues as state-law claims, not as federal claims. [*Doc. 10* at 14-15] (relying on *Baldwin v. Reese*, 541 U.S. 27 (2004)). The United States Supreme Court in *Baldwin* held that a litigant "does not 'fairly present' a claim to a state court if that court must read beyond a petition or a brief (or a similar document) that does not alert it to the presence of a federal claim in order to find

---

[5]The Court notes that Mr. Pieri's motion for a directed verdict was discussed in the section of his petition for writ of certiorari regarding his claim that the trial court erred in denying his motion for a bill of particulars. *See Doc. 10-3*, Exhibit H at 5-6. However, Mr. Pieri appears to have dropped his claim that the trial court erred in denying his motion for a directed verdict in his petition for writ of certiorari because he does not argue that the trial court's ruling on that motion was in error, as he did in his direct appeal. *Compare* [*Doc. 10-1*, Exhibit E at 67-72] (Mr. Pieri's brief on direct appeal explicitly setting forth his argument that the trial court erred in denying his motion for a directed verdict) *with* [*Doc. 10-3*, Exhibit H at 5-6] (Mr. Pieri's petition for writ of certiorari regarding his direct appeal which only mentions his motion for a directed verdict). Further support for this conclusion is found in Mr. Pieri's "Basis for Granting This Writ of Certiorari" section of his petition for certiorari wherein he lists his claimed errors and mentions his motion for a bill of particulars, but not his motion for directed verdict. [*Doc. 10-3*, Exhibit H at 3].

material, such as a lower court opinion in the case, that does so." *Baldwin*, 541 U.S. at 32. In this case, Mr. Pieri stated in his Docketing Statement in his direct appeal that he was relying on the Fifth and Fourteenth Amendments of the United States Constitution for claims III and IV. [*Doc. 10-1*, Exhibit C at 22-23]. In addition, in his petition for writ of certiorari, Mr. Pieri stated that his claims were based, in part, on violations of the Fifth and Fourteenth Amendments. [*Doc. 10-3*, Exhibit H at 3]. Therefore, the Court finds that the New Mexico Supreme Court was alerted to the federal basis of Mr. Pieri's claims, and claims III and IV have been exhausted. *See Baldwin*, 541 U.S. at 32 (explaining that a litigant wishing to raise a federal claim need only note the federal source of law (statute or case law) on which he relies, or even "simply label[] the claim 'federal'"); *c.f.*, *Prendergast v. Clements*, Civil Action No. 11-cv-03263-BNB, 2012 WL 1320157, at *8 (D.Colo. April 17, 2012) (unpublished) (finding that a litigant failed to alert the state court that he was bringing a federal claim when the litigant "fail[ed] to cite to any provision of the federal Constitution or any federal law, or to label the claim as a 'federal' claim"). Even though the United States contends that Mr. Pieri raised these claims as evidentiary matters, which would be matters of state law, not federal law, the Court finds that Mr. Pieri sufficiently alerted the state courts that he was bringing federal claims because he stated that he was relying on the federal Constitution and, therefore, these claims have been exhausted.

### IV. Procedural Default

When a petitioner has failed to fulfill the exhaustion requirement, a court will generally choose the option of dismissing the petition without prejudice to allow the petitioner to exhaust state remedies. *Demarest*, 130 F.3d at 939 (citations omitted). "However, in considering unexhausted claims, federal courts should consider whether, upon dismissal of the claims, the petitioner would then be able to raise them in the state courts." *Id.* "[I]f the court to which Petitioner must present

his claims in order to meet the exhaustion requirement would now find those claims procedurally barred, there is a procedural default for the purposes of federal habeas review." *Dulin v. Cook*, 957 F.2d 758, 759 (10th Cir. 1992) (citation omitted).  A federal court will not consider defaulted claims unless (1) the petitioner can demonstrate cause and prejudice or a fundamental miscarriage of justice (*Smallwood v. Gibson*, 191 F.3d 1257, 1268 (10th Cir. 1999) (citation and internal quotation marks omitted)), or (2) if the Court determines that the claims can more easily be resolved on the merits (*see* § 2254(b)(2) (providing that a federal court may deny a habeas petition on the merits, notwithstanding the failure to exhaust state remedies).  *See also, Romero v. Furlong*, 215 F.3d 1107, 1111 (10th Cir. 2000) (declining to address complex procedural bar because case could be more easily and succinctly affirmed on the merits)).

      The following claims have not been exhausted because they have not been presented to the state's highest court: (1) Claims I(A through C) (ineffective assistance of counsel regarding his first and second trial counsel); (2) the portion of Claims II and VI regarding denial of Mr. Pieri's right to confront his accuser by remaining in the courtroom during the child's videotaped deposition; (3) Claim V (lack of jurisdiction over Mr. Pieri); (4) Claim VII (failure to disclose evidence); (5) the portion of Claim VIII regarding denial of Mr. Pieri's motion for a directed verdict (see discussion *infra* at n.5); (6) Claim IX (improper admission of psychologist's testimony); (7) Claim X (ineffective assistance of appellate counsel); (8) Claim XI (failure of trial court to rule on all of Mr. Pieri's pretrial motions prior to start of trial); and (9) Claim XII (denial of a new trial or evidentiary hearing based on actual innocence claim).  While some of these claims were raised in Mr. Pieri's petition for writ of habeas corpus to the state district court (*see Doc. 10-3*, Exhibit K at 31-33), Mr. Pieri failed to file a petition for a writ of certiorari with the New Mexico Supreme Court after the state district court denied his habeas corpus petition.  Under New Mexico's

procedural rules, a petitioner may file a petition for a writ of certiorari with the New Mexico Supreme Court within thirty days of the state district court's order denying the habeas corpus petition. *See* N.M.R.A. 12-501(B). Mr. Pieri states in *Document 9* at page 2 that he mailed a copy of a petition for writ of certiorari for his state habeas petition to the New Mexico Attorney General, and attaches a copy of an inmate purchase order regarding that mailing. [*Doc. 9* at 3]. However, this does not satisfy the requirement in Rule 12-501 that the petition must be "filed with the [New Mexico] Supreme Court clerk" within the 30-day time period (emphasis added). In addition, Mr. Pieri has filed a motion asking this Court to accept his petition for writ of certiorari for his state habeas petition as being timely filed. [*Doc. 15*]. This motion, however, is filed in the wrong court. As the New Mexico Supreme Court explained in its letter to Mr. Pieri, the New Mexico Supreme Court cannot accept a petition for writ of certiorari that is late, but Mr. Pieri can "file a motion with the court to accept the petition as timely filed and explain to the court why the petition has been filed late." [*Doc. 15* at 3] (referring to the New Mexico Supreme Court, not this Court).

Based on the foregoing, the Court finds that Mr. Pieri has filed a mixed petition. The Court must therefore decide whether to recommend: (1) dismissal of the entire petition without prejudice; (2) staying the petition and holding it in abeyance pending exhaustion of state court remedies; (3) permitting Mr. Pieri to dismiss the unexhausted claims and proceed with the exhausted claims; or (4) denial of the entire petition on the merits notwithstanding the failure to exhaust all of his claims. In making a determination whether to recommend dismissing the petition without prejudice to allow Mr. Pieri to exhaust his state court remedies, the Court first should consider whether his unexhausted claims are procedurally defaulted so that they cannot be raised in the state courts. *See Dulin*, 957 F.2d at 759.

First, the Court notes that Mr. Pieri may still file a motion to accept his petition for writ of certiorari as timely filed with the New Mexico Supreme Court, which, if granted, could lead to the exhaustion of those claims by the state courts. Second, there is no statute of limitations in New Mexico that would prevent Mr. Pieri from bringing his unexhausted claims in a second state habeas petition. *See State v. Sutphin*, 2007-NMSC-045, ¶ 12, 142 N.M. 191, 164 P.3d 72 (2007). Ordinarily "New Mexico state courts will not consider any issues raised in a second post-conviction proceeding which could have been raised in the first proceeding." *Harris v. Williams*, No. 00-2183, 5 Fed. Appx. 831, 833, 2001 WL 201962 (10th Cir. Feb. 28, 2001) (unpublished) (quoting *State v. Gillihan*, 86 N.M. 439, 524 P.2d 1335, 1336 (N.M. 1974) ("[G]rounds omitted in the prior proceedings are deemed waived.")). However, "[t]here is a narrow exception to this . . . waiver rule when the petitioner asserts 'fundamental error' in his trial." *Id.* (citing *Gillihan*, 524 P.2d at 1336). Fundamental error is defined by the New Mexico Supreme Court to be "such error as goes to the foundation or basis of a defendant's rights or must go to the foundation of the case or take[s] from the defendant a right which was essential to his defense." *Gillihan*, 524 P.2d at 1337 (citation and internal quotation marks omitted). Mr. Pieri's unexhausted ineffective assistance of counsel claims, and possibly some of his other unexhausted claims, such as the state court's lack of jurisdiction over Mr. Pieri and the prosecution's alleged failure to disclose evidence, allege error that potentially "goes to the foundation of the case or take[s] from the defendant a right which was essential to his defense." *Id.* Thus, New Mexico courts may find that Mr. Pieri's unexhausted allegations are not precluded from state review under the doctrine of fundamental error. Because there is still a possibility of state review of Mr. Pieri's unexhausted claims, in the interest of comity, the Court finds that Mr. Pieri's unexhausted claims should be dismissed without prejudice so that he may first pursue and exhaust those claims in state court. *See, e.g., Demarest*, 130 F.3d at 939 (stating that

courts should generally choose the option of allowing petitioner to exhaust state remedies when those claims are not procedurally barred); *see also Banks v. Horn*, 126 F.3d 206, 211 (3d Cir. 1997) (advising federal courts to exercise caution before finding a claim procedurally barred where the possibility of state review exists "even if it is not likely that the state court will consider petitioner's claim on the merits"), and *Burgin v. Broglin*, 900 F.2d 990, 995 (7th Cir. 1990) (finding that where uncertainty exists regarding the availability of state remedies and further exhaustion is required, the better course is to require petitioner to explore the possibility that state remedies exist).

For the foregoing reasons, the Court finds that Mr. Pieri's petition should be dismissed without prejudice and Mr. Pieri may either amend his petition to delete his unexhausted claims or exhaust his claims at the state level. If Mr. Pieri chooses to amend his petition, he should be aware that he risks the dismissal of a subsequent federal habeas petition which raises the unexhausted claims which he would be abandoning. *See Tapia v. LeMaster*, 172 F.3d 1193, 1195 (10th Cir. 1999) (explaining that a petitioner who opts to have only exhausted claims heard is considered to have abandoned the unexhausted claims, and a subsequent petition containing those claims will be barred as a successive petition if he is unable to meet the requirements for filing another petition). Alternatively, if Mr. Pieri chooses not to amend his petition, then his petition should be dismissed in its entirety, without prejudice, to allow him to exhaust his previously unexhausted claims in the state courts. If he chooses this option, Mr. Pieri should bear in mind that the one-year statute of limitation under AEDPA still applies to all of the grounds in his petition, including those that have been exhausted, and thus, he risks losing the opportunity to present his grounds at a later date as they may be time barred. *See Rhines*, 544 U.S. at 1533-34. Moreover, the one-year limitation period is not tolled by the pendency of this federal habeas proceeding. *See Duncan v. Walker*, 533 U.S. 167, 181-82 (2001) (holding that federal habeas proceedings do not toll

the one-year limitation period). If Mr. Pieri wishes to proceed with the underlying petition solely on his exhausted claims, in order to avoid having to re-file the petition, he must file, ***within the 14-day period allotted for the filing of objections to these findings***, an amended petition which includes only his exhausted claims. If Mr. Pieri does not file an amended petition within the 14-day objection period, his petition will be dismissed without prejudice to allow him to pursue his unexhausted claims in state court. Because the Court recommends dismissal of Mr. Pieri's petition on the basis of Respondents' defense that Mr. Pieri failed to exhaust his state court remedies, the Court need not consider Respondents' remaining arguments until such time as Mr. Pieri either exhausts all of his claims or files an amended petition.

## RECOMMENDED DISPOSITION

For the foregoing reasons, the undersigned recommends that Mr. Pieri's ***Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (Doc. 1)*** be **DISMISSED WITHOUT PREJUDICE** on the grounds that all of the claims raised in the petition have not been exhausted. The Court has found that the following claims have been exhausted: (1) the portion of Claim II regarding denial of a subsequent interview of the child; (2) Claim III (admission of sexually-explicit drawings); (3) Claim IV (admission of post-polygraph statements); (4) the portion of Claim VI regarding denial of a subsequent interview of the child; and (5) the portion of Claim VIII regarding denial of Mr. Pieri's motion for a bill of particulars. If Mr. Pieri wishes to proceed with the underlying petition solely on these exhausted claims, he must file an

amended petition for writ of habeas corpus which includes only these exhausted claims within the 14-day period allotted for the filing of objections to these findings.

_____
**HONORABLE LOURDES A. MARTÍNEZ**
**United States Magistrate Judge**